UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHSANULLAH MOHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br><br>    Defendant. | Case No. 20-cv-02272-JCS<br><br>**ORDER GRANTING IN PART FOURTH REQUEST FOR EXTENSION OF TIME AND SETTING STATUS CONFERENCE**<br><br>Re: Dkt. No. 22 |

    The Court has previously granted three requests for extensions of time for Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner"), to file his answer and a certified copy of the administrative record. The answer and administrative record were originally due September 23, 2020; the current deadline is March 22, 2021. On March 23, 2021, the Commissioner filed a fourth request to continue the deadline, seeking an additional forty-five day extension from the date of the motion, for a new deadline of May 7, 2021. The request is supported by a declaration of Jebby Rasputnis, Executive Director of the Social Security Administration's Office of Appellate Operations, discussing factors generally addressing the Commissioner's delay in processing administrative records, but not addressing this case specifically.

    Plaintiff Ehsanullah Mohammad opposes the request, noting that nearly a year has passed since he filed his complaint, and even with delays due to the Covid-19 pandemic, the Commissioner has filed answers and administrative records in most other cases far more quickly. The Court's experience with other Social Security cases during the pandemic accords with Mohammad's position. While some delay is likely inevitable, the delay here is exceptional, and the Commissioner has provided no explanation for why preparing this administrative record is

taking so much longer than others.

The Commissioner's request, filed a day after the deadline it seeks to extend, places the Court in a difficult position. If the request were denied, the Commissioner has already failed to meet the deadline, and the Court would be left with little middle ground beyond relatively severe measures like default judgment or contempt sanctions. The Commissioner notes that the delay was caused by a calendaring error confusing the actual deadline with a date sixty days after the Court's order on the previous request, but even if counsel's understanding of the deadline had been correct, the present motion would have been filed only three days before the deadline it sought to extend, which would not allow even the four days for Mohammad's response permitted by the Court's local rules. *See* Civ. L.R. 6-3(b). The Court has repeatedly admonished the Commissioner in other cases to bring motions for extensions well in advance of deadlines at issue, allowing at the very least enough time for a response.[1]

The Commissioner's motion is GRANTED IN PART, and the Commissioner is ORDERED to file his answer and the administrative record no later than April 14, 2021. If the answer and administrative record are not filed by that date, a status conference will occur on April 16, 2021 at 2:00 PM via Zoom webinar to determine appropriate next steps and sanctions, and Executive Director Rasputnis is ORDERED to appear at that conference prepared to address the specific reasons for delay in this case. That conference will be vacated if the answer and administrative record are filed by the deadline.

**IT IS SO ORDERED.**

Dated: March 31, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] The Court notes that Rasputnis's declaration is dated March 17, 2021, suggesting that the Commissioner may have been aware of the need for an extension at least six days before filing the present motion on March 23, 2021, although it is possible that Rasputnis's declaration was not prepared specifically for this case. Counsel's characterization of it in the motion as the "January 2021 Declaration of Jerry Rasputnis" is incorrect as to both the date of the declaration and Rasputnis's first name.

2